# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| RICHARD L. MEHLBERG, and ANGELA R. DEIBEL, individually and on behalf of all others similarly situated, and on behalf of the Plan,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS GROUP USA, INC.,<br><br>Defendant. | Case No. 2:24-cv-04179 SRB |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs Richard L. Mehlberg and Angela R. Deibel (Plaintiffs) seek leave to file their First Amended Complaint to add additional claims stemming from Defendant Compass Group USA, Inc.'s (Compass Group) violation of the terms of its ERISA plan document. Good cause exists to allow Plaintiffs to amend their complaint, and the amendment will not unfairly prejudice Compass Group. For the following reasons, Plaintiffs respectfully request the Court grant their motion.

### I.        Relevant Procedural History

The Plaintiffs' original Complaint was filed on October 9, 2024, asserting three counts for relief under the Employee Retirement Income Security Act (ERISA) for the imposition of an unlawful tobacco surcharge. Dkt. 1. Plaintiffs alleged that Compass Group requires participants in its group health plan to declare whether they are a tobacco user; if they do so, they are required to pay an additional premium fee of at least $48 per bi-weekly pay period—or $1,248 annually—to maintain healthcare coverage. *Id*. ¶ 3. Plaintiffs each declared themselves tobacco users and paid

the tobacco surcharge. *Id*. ¶¶ 8-10. Counts I and II allege that Compass Group's tobacco surcharge was unlawful under 29 U.S.C. § 1182 and therefore gave rise to claims under ERISA's private right of action for violations of the statute, § 502(a)(3). *Id.* at ¶¶ 52-65. Count III alleges a breach of fiduciary duty under ERISA § 502(a)(2), primarily based on Compass Group's misappropriation of the improperly collected tobacco surcharge for its own benefit, to reduce its own contributions, rather than for the benefit of the Plan. *Id*. ¶¶ 66-74.

The company first moved to transfer venue, which the Court denied on January 27, 2025. Dkt. 12; 22. It then moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction, which the Court also denied on April 15, 2025. Dkt. 33; 41. Plaintiffs served written discovery requests on March 21, 2025. After obtaining extensions, Compass Group provided its first production of documents on May 30, 2025. Among these documents were the governing Plan Documents—the "written instruments" by which the Plan was "established and maintained" as required by 29 U.S.C. § 1102(a)(1)—in effect from 2013 to 2023.

After reviewing Compass Group's (more than 2,000 page) document production, including the dense and lengthy Plan Documents, Plaintiffs discovered that the tobacco surcharge—in addition to being unlawful under ERISA as alleged in the original Complaint—also violates the terms of the Plan as set out therein. They then promptly drafted an Amended Complaint alleging as much, and adding two claims premised on Plan term violations. It also adds another claim seeking individual (as opposed to Plan-wide) relief for Compass Group's breach of its fiduciary duties, bringing the total number of separate counts to six. Plaintiffs' proposed First Amended Complaint is attached hereto as <u>Exhibit 1</u> with a redline showing the proposed changes from the original Complaint.

Plaintiffs sent Compass Group a copy of this Amended Complaint on July 16, 2025, requesting that it consent to its filing. Compass Group responded on July 21, 2025, informing Plaintiffs that it opposed the amendment. This motion followed.

## II.      Legal Standard

If a deadline has been set in a scheduling order for the filing of motions to amend, then the standard under Rule 16(b) governs. *See Millenia Prods., LLC v. Ma Vin Dhat*, No. 18-0924-CV-W-SRB, 2019 WL 4146424, at *1 (W.D. Mo. Aug. 30, 2019). Therefore, a motion for leave to amend filed outside the Court's scheduling order requires a showing of "good cause" pursuant to Federal Rule of Civil Procedure 16(b)(4). *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017). The "primary measure of good cause is the movant's diligence." *Id.* at 1034 (quoting *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014)). "Good cause" in this context requires a showing that, "despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Commerce Bank*, 2016 WL 7043032, at *2 (quotation omitted). This "good cause" is "most frequently established where amendment is predicated on a change in the law, newly discovered facts, or some other changed circumstance." *Smith v. Truman Rd. Dev.*, LLC, 2019 WL 11646255, at *1 (W.D. Mo. Mar. 26, 2019) (quotations omitted).

If good cause is shown, the Court then "considers the propriety of the amendment under Rule 15." *Commerce Bank v. U.S. Bank Nat'l Ass'n*, 2016 WL 7043032, at *2–3 (W.D. Mo. June 23, 2016). Rule 15(a)(2) provides that a party may amend its pleading "with the opposing party's written consent or the court's leave." *ISG Tech., Inc. v. Secure Data Techs., Inc.*, 2021 WL 537095, at *1 (W.D. Mo. Feb. 12, 2021) (quoting Fed. R. Civ. P. 15(a)(2)). Rule 15(a)(2) further states that a court "should freely give leave when justice so requires." "Leave to amend should be freely granted unless 'there exists undue delay, bad faith, repeated failure to cure deficiencies by

amendments previously allowed undue prejudice to the non-moving party, or futility of the amendment.'" *Henson v. Union Pac. R.R. Co.*, 2019 WL 3082469, at *2 (W.D. Mo. July 15, 2019) (quoting *Popalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). The burden of proof to show prejudice rests with the party opposing amendment. *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987).

### III.  Good Cause Exists to Allow Plaintiffs to Amend the Complaint and Compass Group Will Not Be Prejudiced by the Amendment

Plaintiffs acknowledge that the deadline for filing an amended complaint has passed. *See* Dkt. 31 at 1 (setting April 11, 2025, deadline to amend pleadings). As a result, they must satisfy Federal Rule of Civil Procedure 16's "good cause" standard to amend the scheduling order, as well as Rule 15's more liberal standard for amendment. Plaintiffs meet the good cause standard for modifying the scheduling order, and Compass Group will suffer no prejudice by the amendment.

*First*, good cause exists here to permit Plaintiffs leave to file their First Amended Complaint because the amendment is predicated on "newly discovered facts." *Smith*, 2019 WL 11646255, at *1 (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008)). Specifically, the fact that the company's tobacco surcharge violates the terms of the Plan. This fact was not known—and indeed could not have reasonably been known—until the Plan Documents were produced in discovery. Plan sponsors like Compass Group routinely provide participants with documents that *describe* or *summarize* the "terms of the plan"—Summary Plan Descriptions, Summaries of Material Modifications, and the like. But these less formal documents "do not themselves constitute the terms of the plan." *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011). The relevant plan terms under ERISA are housed in the governing Plan Document; the "written instrument" under which the plan is "established and maintained." *See* 29 U.S.C. § 1102. This document is usually not made available to plan participants and indeed was not available to

Plaintiffs until it was produced to them in discovery.[1] Once Plaintiffs were provided the relevant versions of the Plan Document, they acted diligently to review their contents, determine the availability of claims based thereon, and amend their pleadings.

*Second*, there has been no delay, bad faith, or repeated failure on the part of Plaintiffs. Plaintiffs acted swiftly in bringing the present motion once the relevant facts were discovered, and this would be the Plaintiffs' first amendment to their pleadings. Moreover, they have sought at every turn to meet the current deadlines in the case schedule and have worked cooperatively with Compass Group when either party required additional time. Therefore, Plaintiffs meet the diligence requirement under Rule 16's good cause standard, and, under Rule 15, there exists no "undue delay, bad faith, [or] repeated deficiencies by amendments previously allowed." *Henson*, 2019 WL 3082469, at *2.

*Third*, Plaintiffs' proffered amendment is in no way futile. A motion to amend a complaint is futile where claims created by the amendment could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted. *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) ("Where the facts on which a previously unasserted claim is based are all known or available to all parties, there is no prejudice in allowing an amended complaint"). "Likelihood of success on the new claim or defenses is not a consideration for

---

[1] Granted, ERISA authorizes participants to submit a formal request for a copy of the Plan Document under 29 U.S.C. § 1024(b)(4). And in fact, Plaintiffs did so here. But that requires the plan administrator only to provide the *current* version of the Plan Document, *see id*. (requiring the administrator to "furnish a copy of the *latest* . . . instruments under which the plan is established or operated") (emphasis added), which is all that Compass Group provided them. In candor, the principal purpose of Plaintiffs' proposed amendment is to extend the limitations period for which putative class members may recover the improperly levied surcharge fees. As such, the then-current 2024 Plan Document was not relevant to the amendment. Only those in effect prior to 2018—the extent of the ERISA limitations period without tolling or delayed accrual—were. And those versions of the Plan Document could not be accessed by Plaintiffs until they were made available in formal discovery.

5

denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999). Here, the proposed amended complaint is neither futile nor frivolous because ERISA recognizes causes of action for violations of the terms of the plan, *see* ERISA §§ 502(a)(1)(B); (a)(3), which Plaintiffs invoked in Counts V and VI of their proposed amendment. *See* Ex. 1 at ¶¶ 92-104. Moreover, Plaintiffs have specifically pled the precise manner in which those terms were breached. *Id.* at ¶¶ 44-51. As for the new Count IV seeking individual relief for breach of fiduciary duty, *see id.* at ¶¶ 84-91, the Court has already found that Plaintiffs have stated a claim for fiduciary violations seeking recovery on behalf of the Plan. *See* Dkt. 41 at 12-14. That those same violations also give rise to claims for individual recovery under ERISA § 502(a)(3) is well settled. *See Varity Corp. v. Howe*, 516 U.S. 489, 507-515 (1996).

*Lastly*, Compass Group will not be prejudiced by the filing of the First Amended Complaint. The parties are in the early stages of litigation in this action. They have exchanged initial written discovery, but have not yet conducted any depositions. Moreover, the new claims, like the existing ones, challenge the permissibility of Compass Group's tobacco surcharge. They do not significantly alter the subject matter of the case. Moreover, the filing of the First Amended Complaint will not impact any of the prior activity in this matter.

## IV.     Conclusion

Accordingly, for the reasons stated herein, the Court should grant Plaintiffs' Motion for Leave to file their First Amended Complaint.

Dated: August 8, 2025

Respectfully submitted,

*/s/ Caleb J. Wagner*
George A. Hanson, MO. Bar No. 43450
Alexander T. Ricke, MO. Bar No. 65132
Caleb J. Wagner, MO Bar No. 68458
Yasmin Zainulbhai, MO Bar No. 73337
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com
wagner@steuvesiegel.com
zainulbhai@stuevesiegel.com

Ryan L. McClelland, MO Bar No. 59343
McCLELLAND LAW FIRM, P.C.
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone:    (816) 781-0002
Facsimile:    (816) 781-1984
ryan@mcclellandlawfirm.com

*Attorneys for Plaintiff and Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

By: */s/ Caleb J. Wagner*
ATTORNEY FOR PLAINTIFFS