# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

RICHARD L. MEHLBERG, and ANGELA )
R. DEIBEL, individually, on behalf of all others )
similarly situated, and on behalf of the Plan, )
　 )
　　　　Plaintiffs, )
　 )
　　　　v. )　　　　Case No. 24-cv-04179-SRB
　 )
COMPASS GROUP USA, INC., )
　 )
　　　　Defendant. )

## ORDER

Before the Court is Defendant Compass Group USA, Inc.'s ("Defendant") Motion to

Reconsider April 9, 2026 Order (Dkt. 78) on Plaintiffs' Motion for Class Certification.

(Doc. #82.)  As set forth below, the motion is GRANTED IN PART and DENIED IN PART.

## I.　　　　FACTUAL BACKGROUND

The facts of this case have been discussed in prior Orders and will not be repeated herein.

On April 9, 2026, the Court granted in part Plaintiffs' Motion for Class Certification (the "Class

Order").  (Doc. #78.)  The Class Order granted Plaintiffs' motion and certified four separate

classes.  The Class Order denied Plaintiffs' motion to the extent it sought class certification for

prospective relief.

Defendant now moves for reconsideration of the Class Order.  Defendant asserts four

primary arguments:  (1) the "Class Order erred by ruling on the merits of the timeliness of the

claims;" (2) the "Class Order contains errors of law regarding the applicable limitations period

and accrual rules for the Plan Violation Class;" (3) the "Class Order errs by overlooking the

three-year limitations period applicable to the Plan Fiduciary and Individual Fiduciary Duty

classes' claims;" and (4) the "Class Order incorrectly defined the Statutory Claims, Plan

Fiduciary, and Individual Fiduciary Duty Classes." (Doc. #83, pp. 8-17; Doc. #88, pp. 12.)[1] Plaintiffs oppose the motion, with two exceptions discussed below.

## II.     APPLICABLE LAW

A court may reconsider an interlocutory order if the moving party demonstrates "(1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *In re Smitty's/cam2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2936, 2023 WL 11986892, at \*1 (W.D. Mo. Oct. 24, 2023) (citation and quotation marks omitted). "If a party does no more than present the same argument a second time, that ground alone is sufficient to deny the motion." *Id.* (quotations omitted). Relatedly, a motion for reconsideration should be denied if the moving party raises "facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). A court "has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 09–CV–05078–DGK, 2010 WL 3522476, at \*2 (W.D. Mo. Sept. 2, 2010).

## III.     DISCUSSION

Upon review, the Court finds that most of Defendant's arguments were—or could have been—raised during the class certification briefing. Defendant's pending motion primarily focuses on timeliness and statute of limitation issues, and those issues were extensively argued in class certification briefing and resolved in the Class Order. The Court agrees with Plaintiffs that the "bulk of [Defendant's] arguments were directly presented—and rightly rejected—at the class

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

certification stage.  The remainder consists of arguments the company could have raised but did not.  Rehashing losing positions, or belatedly advancing ones that were available all along, is not grounds for reconsideration."  (Doc. #87, p. 6.)

In addition, the Court rejects Defendant's argument that the "Class Order's findings are not tentative or conditional observations; they are definitive rulings that the claims are not time-barred.  This has concrete consequences: it deprives [Defendant] of the opportunity to fully litigate the merits of the timeliness of the claims."  (Doc. #83, p. 9.)  As stated above, Defendant's class certification briefs argued that no class should be certified in part because timeliness and statutes of limitation issues would require individualized inquiries.  The Class Order thus resolved those arguments, but only for purposes of class certification.

The Class Order did not and does not preclude Defendant from reasserting those arguments at a later stage of litigation.  Indeed, Plaintiffs' opposition to the pending motion acknowledges that Defendant may assert its class certification arguments at a later date. (Doc. #87, p. 8) ("The company put forth arguments against class certification, and the Court rejected them solely in that context.  That does not preclude the company from raising timeliness defenses against individual class members at later stages of the litigation.").  For the foregoing reasons, for the reasons stated in the Class Order, and for the reasons stated by Plaintiffs, Defendant has failed—other than two exceptions below—to show that reconsideration is warranted.

The exceptions relate to the Plan Terms Violation Class.  "Under ERISA's statute of repose, no action may be brought six years after 'the date of the last action which constituted a part of the breach or violation,' or 'the latest date on which the fiduciary could have cured the breach or violation.' ERISA 413 [29 U.S.C. § 1113]."  *Sweeney v. Nationwide Mut. Ins. Co.*, No.

2:20-cv-1569, 2026 WL 352845, at *16 (S.D. Ohio Feb. 9, 2026).  Section 413 of ERISA does not apply to non-fiduciary claims.  *Johnson v. State Mut. Life Assurance Co.*, 942 F.2d 1260, 1262 (8th Cir. 1991) ("Congress expressly limited Section [413] to suits claiming breach of an ERISA trustee's fiduciary duties[.]")

Defendant argues that the "Plan Terms Violation Class . . . includes two non-fiduciary claims: Count V under ERISA Section 502(a)(3), and Count VI under ERISA Section 502(a)(1)(B)."  (Doc. #83, p. 10.)  Defendant argues the Class Order should be reconsidered because it stated that Section 413's six-year statute of repose applied to Plaintiffs' non-fiduciary Plan Terms Violation Claims.

Plaintiff agrees with Defendant on this point (Doc. #88, p. 4 n.2), and the Court agrees with the parties.  Accordingly, the Court modifies and amends the Class Order as follows:

> Finally, Plaintiffs argue that the Plan Terms Violation Class "uniformly" falls within the limitations period and raises no individualized issues of timeliness. *Id.*  Although ERISA allows plans to set a reasonable limitations period within the plan documents, Plaintiffs contend that the claims of members of this class did not accrue outside the statute of limitations because "the operative Plan Document was not provided . . . absent a statutory request." (Doc. #65, p. 19); *see Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105-06 (2013). Defendant argues this class is time-barred and is not suitable for certification because determining the timeliness of each member's claim requires individualized proof.  (Doc. #72, p. 26.)
>
> Upon review, the Court finds that Plaintiffs' Plan Terms Violation Class is not time-barred.  In particular, the Court agrees with Plaintiffs that "[u]ntil the Plan document was produced in litigation, Plaintiffs had no way to know what the governing terms were.  As a result, the limitations period for the Plan Terms Violation Claim could not have started running until Plaintiffs knew or should have known that the Plan Document did not authorize the company's tobacco surcharge." (Doc. #65, p. 19 fn. 11.) Consequently, all claims brought by this Class are timely. The relevant limitations period began with Defendant's adoption of the tobacco surcharge in 2016 and spans to the present.

(Doc. #78, p. 13.)

4

## IV.    CONCLUSION

For the foregoing reasons, and for the additional reasons stated by Plaintiffs, it is hereby ORDERED that Defendant's Motion to Reconsider April 9, 2026 Order (Dkt. 78) on Plaintiffs' Motion for Class Certification (Doc. #82) is GRANTED IN PART and DENIED IN PART.

The motion is GRANTED insofar as the Court's Order dated April 9, 2026, is modified and amended to reflect that ERISA Section 413's six-year statute of repose does not apply to Plaintiffs' Plan Terms Violation Claims.  The motion is DENIED in all other respects.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  May 20, 2026

5