# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

RICHARD L. MEHLBERG, and
ANGELA R. DIEBEL, individually, on
behalf of all others similarly situated, and
on behalf of the Plan,

                Plaintiffs,

      v.

COMPASS GROUP USA, INC.,

                Defendant.

Case No. 2:24-cv-04179-SRB

## JOINT PROPOSED CLASS NOTICE AND NOTICE PLAN

Pursuant to the Court's Order (Doc. 86), the parties have conferred and reached the following agreements with respect to a class notice and notice plan pursuant to Federal Rule of Civil Procedure 23(c)(2) and seek the Court's approval of the same. The parties jointly state as follows:

1.      On April 9, 2026, the Court entered an Order granting in part and denying in part Plaintiffs' Motion for Class Certification. Doc. 78. Defendant timely moved for reconsideration, which the Court granted in part and denied in part on May 20, 2026. Doc. 89. The Court has ordered the parties to submit a joint proposed Class Notice and Notice Plan within twenty-one (21) days from the date of the Order. Doc. 86. Defendant moved to extend and/or amend the June 10, 2026 deadline in light of its pending petition to appeal class certification, which motion remains pending.

2.      The parties have now met and conferred with respect to the Rule 23 notice and notice plan, and state as follows:

a. As set forth in Defendant's Motion to Extend and/or Amend the Deadline to Submit a Joint Notice Form, Notice Plan and Amended Schedule, negotiation of a notice form and notice plan is premature in light of Defendant's pending request for permission to appeal of the Court's orders granting in part and denying in part class certification under Federal Rule of Civil Procedure 23(f). ECF No. 91. Specifically, Defendant raised (among other issues) that it is improper to certify overlapping classes under both Federal Rule of Civil Procedure 23(b)(3) and 23(b)(1) and that the scope of certain classes is overly broad. Petition for Rule 23(f) Appeal at 24-28, *Mehlberg, et al. v. Compass Group USA, Inc.*, No. 2:24-cv-04179-SRB (W.D. Mo. Jun. 03, 2026). Proceeding with review of the class notice and notice plan with these issues pending is not an efficient use of judicial resources as the notice form and plan may need to change significantly depending on the outcome of the pending petition to appeal. ECF No. 91. As such, Defendant re-iterates its request to hold any review of the class notice and notice plan until the pending petition is resolved.

b. Should the Court proceed with reviewing Plaintiffs' proposed notice, the parties have agreed on the following Notice and Opt-Out Forms: (1) the Rule 23 Class Notice (attached as **Exhibit 1**) and (2) the Election to Opt-Out of Certified Class Action Form ("Opt-Out Form") (attached as **Exhibit 2**). Defendant reserves the right to seek a revised notice and opt-out form should the 23(f) petition be granted and require revisions.

c. With respect to distributing the notice, the parties have agreed as follows:

    i. Class members will have a 45-day opt-out period.

    ii. Plaintiffs' Notice Administrator shall send the Notice and Opt-Out Form to each class member at their last known address via U.S.

Mail. The Notice Administrator will remail any Notice returned as undeliverable based on a search for a more current address.

iii. Defendant shall provide Plaintiffs' counsel and the Notice Administrator with the following information for each class member in a Microsoft Excel spreadsheet: full name, employee ID, date(s) or time period(s) in which the tobacco surcharge was paid, email address, and last known mailing address.

iv. The Notice Administrator will mail the Notice and Opt-Out Form within 14 days of receipt of the putative class member's information (or as soon as practicable thereafter).

v. Mailing of notice pursuant to the agreements above should be held in abeyance until the pending 23(f) petition is resolved. Within seven business days of an order on the 23(f) petition, the parties will file a joint status report proposing a timeline for the production of class data and distribution of the class notice.

vi. Defendant reserves the right to propose changes to the class notice plan if the 23(f) petition is granted.

3. The parties further agreed that, within seven business days of an order on the 23(f) Petition, the parties will file a joint status report proposing deadlines for the remainder of litigation.

WHEREFORE, the parties respectfully request an Order approving the parties' joint proposed notice and notice plan.

Dated: June 10, 2026

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

**JACKSON LEWIS P.C.**

By: */s/Caleb J. Wagner*

By: */s/Lindsey H Chopin*

George A. Hanson, Mo. 43450
Alexander T. Ricke, Mo. 65132
Caleb J. Wager, Mo. 68458
Stueve Siegel Hanson, LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel.: (816) 714-7100
Fax: (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com
wagner@stuevesiegel.com

René E. Thorne*
Lindsey H. Chopin*
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
René.Thorne@jacksonlewis.com
Lindsey.Chopin@jacksonlewis.com

Phillip C. Thompson (MO Bar #69915)
7101 College Blvd., Suite 1200
Overland Park, KS  66210
Telephone: (913) 981-1018
Phillip.Thompson@jacksonlewis.com

**MCCLELLAND LAW FIRM, P.C.**

Ryan L. McClelland, Mo. 59343
McClelland Law Firm, P.C.
The Flagship Building
200 Westwoods Drive
Liberty, MO 64068-1170
Tel.: (816) 781-0002
Fax: (816) 781-1984
ryan@mcclellandlawfirm.com

*Admitted *Pro Hac Vice*

***Attorneys for Defendant***

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 10, 2026, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

By: */s/ Caleb J. Wagner*
**Attorney for Plaintiffs**