# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI**
*Mehlberg, et al. v. Compass Group USA, Inc.*
Case No. 2:24-cv-04179-SRB

## <u>NOTICE OF CERTIFIED CLASS ACTION LAWSUIT</u>

**PLEASE READ THIS NOTICE CAREFULLY**

**YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS LAWSUIT**

You are receiving this Court-authorized Notice because you participated in Compass Group USA, Inc.'s ("Compass Group's") group health plan and paid a tobacco surcharge during the relevant time period.

You may be eligible to participate in this lawsuit to potentially recover damages under the Employee Retirement Income Security Act of 1974 ("ERISA").

**You do not need to do anything to participate in this lawsuit.**

**If you do not want to participate in this lawsuit, you must ask to be excluded by [45 days from mailing].**

| **What is the Lawsuit about?** |
| --- |

The Class Representatives were participants in the Compass Group USA, Inc.'s group health plan ("Plan"). Plaintiffs filed a lawsuit on behalf of themselves and other similarly situated individuals alleging Compass Group violated ERISA by imposing a tobacco surcharge without having provided a reasonable alternative standard or furnished adequate notice as required by law. Plaintiffs have also alleged that Compass Group violated the terms of the governing Plan Document, and that it breached its fiduciary duties, in connection with its imposition of the tobacco surcharge and its collection and disposition of the tobacco surcharge funds. Compass Group denies it violated ERISA and contends it provided Plan participants with a reasonable alternative standard to avoid the tobacco surcharge and proper notice of the same, and that it did not violate the governing Plan Document or its fiduciary obligations in connection with the tobacco surcharge.

The Class Representatives sought to represent similarly situated individuals and to have the case certified as a class action. The Court certified classes of employees and participants in Compass Group's Plan, which is why you are receiving this Notice. As explained below, the Court certified three (3) classes subject to this Notice, and Defendant's records indicate you are a member of one or more of those classes.

The Court has not decided which side is right. By granting class certification, the Court is not suggesting that the Class Representatives will win or lose the case, or that the case will ultimately proceed to trial.

Your legal rights are explained on the next page.

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI**
*Mehlberg, et al. v. Compass Group USA, Inc.*
Case No. 2:24-cv-04179-SRB

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| Do Nothing And Stay In The Case | **Stay in this lawsuit. Await the outcome. Give up right to sue separately.** By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But you give up any rights to sue Defendant separately about the same legal claims in this lawsuit and will be bound by any rulings in this lawsuit. |
| Ask To Be Excluded | **Get out of the lawsuit. Get no individual benefits. Keep right to sue separately.** If you ask to be excluded from any of the classes subject to this Notice and individual relief is later awarded, you will not share in that relief. But you keep any rights to sue Defendant separately for individual relief arising from the same legal claims addressed by this Notice. You may remain a class member in a separate mandatory class seeking Plan relief. |

- Your legal rights are explained in this Notice. To ask to be excluded, you must act before [INSERT DATE 45 DAYS FROM MAILING].
- Lawyers for the Classes must prove the claims against Defendant at trial. If money or benefits are obtained from Defendant, you will be notified about your right to receive a share.

## BASIC INFORMATION

### 1. Why did I get this notice?

Defendant's records show that you participated in the Plan and paid a tobacco surcharge during the relevant time period. This Notice explains that the Court has "certified" a class action lawsuit that may affect you. You have legal rights that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against Defendant on your behalf are correct and whether Defendant has violated ERISA. The Honorable Judge Stephen R. Bough of the United States District Court for the Western District of Missouri is overseeing this class action. The lawsuit is known as *Mehlberg, et al. v. Compass Group USA, Inc.*, Case No. 2:24-cv-04179-SRB.

### 2. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Richard Mehlberg and Angela R. Deibel) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The individuals who sued—and all the Class Members like them—are called the Plaintiffs. Compass Group is called the Defendant. One court resolves the issues for everyone in the Classes—except for those people who choose to exclude themselves from the Classes.

### 3. Why is this lawsuit a class action?

The Court decided that the ERISA claims asserted in this lawsuit can proceed as a class action and move towards a trial because they meet the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order certifying the Classes, which you can read at [website].

## THE CLAIMS IN THE LAWSUIT

### 4. What is the lawsuit about?

This lawsuit is about whether Defendant violated ERISA by failing to provide a reasonable alternative standard or notice of the same with respect to a tobacco surcharge associated with the Plan.

### 5. What are the Plaintiffs asking for on behalf of the Classes?

Plaintiffs are asking the Court to enter judgment for them, both individually and on behalf of all similarly situated individuals, awarding the following relief: (1) that the Court order Defendant to reimburse all persons who paid the tobacco surcharge within the relevant limitations period; (2) that the Court order disgorgement and/or restitution of all payments unlawfully assessed by Defendant, or, alternatively, the profits earned by Defendant in connection with its receipt of such unlawful fees; (3) that the Court grant a declaratory judgment holding that the actions of Defendant violate ERISA and applicable law, as well as the terms of the plan; (4) that the Court order Defendant to provide all accountings necessary to determine the amounts it must make good to the plan and to plan participants and beneficiaries; (5) that the Court surcharge against Defendant all funds it collected in violation of ERISA and the terms of the plan; (6) that the Court impose a constructive trust on profits received by Defendant as a result of fiduciary breaches committed by it or for which it is liable, upon which Plaintiffs and the Classes can make claims for equitably vested benefits; (7) that the Court award Plaintiffs and the Classes all damages available at law in an amount to be determined at trial; (8) that the Court award reasonable attorneys. fees, costs, and expenses as provided by law; (9) that the Court order the payment of interest to the extent it is allowed by law; and/or (10) that the Court grant all other equitable, remedial, and legal relief as it deems just and proper under the circumstances.

### 6. What is the position of Defendant?

Defendant denies it violated ERISA and contends it provided a reasonable alternative standard to the tobacco surcharge and proper notice of the same. It also denies that it violated the terms of the Plan Document, or any of its fiduciary duties imposed by ERISA.

### 7. Has the Court decided who is right?

No. This Notice is for the sole purpose of determining the identity of those persons who wish to exclude themselves from being bound by this lawsuit.  The United States District Court for the Western District of Missouri expresses no opinion regarding whether Plaintiffs will win.  There is no assurance at this time that any relief of any type or amount will be granted.

### 8. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether Plaintiffs or Defendant is right, and the two sides have not settled the case.  There is no guarantee that money or benefits ever will be obtained.  If they are, you will be notified about how to receive a share.

## WHO IS IN THE CLASSES

### 9. Am I a part of any Class?

The Court certified three classes of individuals who are entitled to receive this Notice[1]:

- **Statutory Violation Class:** All persons within the United States who paid Compass Group's tobacco surcharge from October 9, 2020, through May 20, 2026.

- **Plan Terms Violation Class:** All persons within the United States who paid Compass Group's tobacco surcharge through May 20, 2026.

- **Individual Fiduciary Duty Class:** All persons within the United States who paid Compass Group's tobacco surcharge from October 9, 2018, through May 20, 2026.

### 10. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by contacting the lawyers in this case through the notice administrator at [phone number] and at [website].  Otherwise, you may seek legal advice from any attorney of your choice at your own expense.

## YOUR RIGHTS AND OPTIONS

### 11. What happens if I do nothing at all?

You do not have to do anything now if you want to potentially receive money or benefits from this lawsuit.  By doing nothing you are staying in the Classes.  If you stay in and the Plaintiffs obtain

---

[1] The Court also certified a fourth class to pursue relief on behalf of the Plan, rather than for individual relief. This class is not covered or addressed by this Notice, and excluding yourself under Section 13 of this Notice does not affect your membership in this fourth class. This class, called the "Plan Fiduciary Duty Class" is defined to include: "All persons within the United States who paid Compass Group's tobacco surcharge from October 9, 2018 through May 20, 2026."

Questions or want more information about this case? Visit [website]

Case 2:24-cv-04179-SRB    Document 95-1    Filed 06/10/26    Page 5 of 8

money or benefits, either as a result of a trial or a settlement, you will be notified about how to apply for a share. If you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, Defendant—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

## 12. Why would I ask to be excluded?

You may ask to be excluded from any of the three Classes described in Question 9 for any reason. If you already have your own separate, individual lawsuit pending in which you are alleging the same or similar violations of ERISA against Defendant and want to continue with it, you need to ask to be excluded from the Classes. If you exclude yourself from any of the Classes—which also means to remove yourself from the Classes, and is sometimes called "opting-out" of the Classes— you won't get any individual relief from this lawsuit related to the Class even if the Plaintiffs obtain such relief as a result of a trial or from any settlement (that may or may not be reached) between Defendant and the Plaintiffs. However, you may then be able to sue or continue to sue Defendant for ERISA individual violations that occurred or occur at any time in the future. If you exclude yourself, you will not be legally bound by the Court's Orders or any Judgment in this class action related to the claims subject to this Notice. You may remain a class member in a separate mandatory class seeking Plan relief, which may impact your right to pursue similar claims later.

If you start your own lawsuit against Defendant after you exclude yourself, you will have to retain your own lawyer for that lawsuit, and you will have to prove your claims.

## 13. How do I ask to be excluded?

To ask to be excluded you must send an "Election to Opt Out of Certified Class Action" via U.S. Mail. You may use the form provided with this notice, or you may send or submit a letter, stating that you want to be excluded from the Rule 23 class action litigation known as *Mehlberg, et al. v. Compass Group USA, Inc.*, and that, by excluding yourself, you understand that you will not participate in any recovery obtained as a result of a successful recovery following a trial, or in the event of a settlement. Be sure to include your name, address, the location where you worked, your Employee ID number, and sign and date the letter. You must mail your Election postmarked by **[insert date 45 days from mailing]**, to: [insert address].

## 14. Do I have a lawyer in this case?

Yes. The Court has appointed Plaintiffs' counsel as Class Counsel, and they commonly represent the interests of the Plaintiffs and all similarly situated employees who have not requested to be excluded. You do not have to separately pay Class Counsel. If the lawsuit results in a money judgment or settlement, Class Counsel will seek their attorneys' fees and costs as a percentage of the overall recovery, or to be separately paid by Defendant, all subject to Court approval. Class Counsel are:

George A. Hanson                    Ryan L. McClelland

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI**
*Mehlberg, et al. v. Compass Group USA, Inc.*
Case No. 2:24-cv-04179-SRB

Alexander T. Ricke                   McClelland Law Firm, P.C.
Caleb J. Wagner                      200 Westwoods Drive
Stueve Siegel Hanson LLP             Liberty, MO 64068
460 Nichols Road, Suite 200
Kansas City, MO 64112

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to retain that lawyer. Retaining your own counsel will be at your own expense.

### 16. How will the lawyers be paid?

The Class Representatives have entered into a contingency fee agreement with Class Counsel, which means that even if the classes do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Class Counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the Classes. Alternatively, the Court may be asked to determine the amount of attorneys' fees to be paid in addition to any judgment or settlement. The fees may be a part of a settlement obtained or money judgment entered in favor of the class, or may be ordered by the Court to be separately paid by Defendant, or may be a combination of the two.

## THE TRIAL

### 17. How and when will the Court decide the case?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial will begin on November 16, 2026, in the United States District Court for the Western District of Missouri in Kansas City, Missouri. During the trial, the Judge will hear all the evidence to help him reach a decision about whether the Plaintiffs or Defendant is right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Classes.

### 18. Do I have to come to trial?

You do not need to attend the trial as a member of the class. Class Counsel will present the case for the Plaintiffs, and Defendant will present the defenses. You or your own lawyer are welcome to attend the trial at your own expense.

### 19. Will I get money after the Court rules?

If the Plaintiffs obtain individual relief as a result of the trial or a settlement, you will be notified about how to receive any share recovered on your behalf. We do not know how long this might take.

Questions or want more information about this case? Visit [website]

**GETTING MORE INFORMATION**

**20. Is more information about the lawsuit available?**

Yes.  If you have any questions or require additional information, please contact Class Counsel through the Notice Administrator at [phone number] or [email]. You can also find more information about the lawsuit at [website].

The Court is not able to answer questions about the lawsuit or this Notice. Please contact Class Counsel through the Notice Administrator if you have questions or need additional information.

**PLEASE DO NOT CONTACT THE COURT CLERK REGARDING THIS MATTER.**

**This is a Court approved Notice.  This is not a solicitation or advertisement.**

4935-5121-8611, v. 2